IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN THOMAS CRUZ,

    Plaintiff,                    No. CIV S-98-2322 LKK GGH P

   vs.

JAMES GOMEZ, et al.,

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff has once again filed a motion pursuant to Fed. R. Civ. P. 60(b) for relief from final judgment entered by order of this court filed October 11, 2001. By order filed on March 12, 2003, this court denied plaintiff's earlier request for reconsideration of the dismissal of this action for plaintiff's failure to exhaust administrative remedies, noting that by order filed in this court on August 23, 2002, the Ninth Circuit had affirmed this court's dismissal of plaintiff's action.

        In addition, plaintiff's prior request for reconsideration, filed almost a year and a half after judgment, was untimely as plaintiff had moved for relief specifically under Rule 60(b) on the following grounds: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a trial under Rule 59(b)." Rule 60(b) sets forth that, "[t]he motion shall be made

within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."

In this far more belated request, plaintiff apparently believes that Ngo v. Woodford, 403 F.3d 620 (9th Cir. 2005), would excuse his failure to exhaust administrative remedies and should be retroactively applied to his case. Plaintiff argues that in his dismissed case several of his administrative appeals had been rejected in the prison grievance system as untimely, but that in Ngo, supra, the Ninth Circuit "unequivocally stressed" that untimeliness of an administrative appeal would not foreclose a prisoner-plaintiff from proceeding on his claims of civil rights violations in federal court. In plaintiff's case, however, the Ninth Circuit specifically affirmed the ruling of the district court.

Once a decision of law is made, it becomes the "law of the case," and absent clear error or changed circumstances should not be changed. See United States v. Estrada-Lucas, 651 F.2d 1261, 1263-64 (9th Cir.1980). The law of the case doctrine provides that "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998), quoting United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted).

Furthermore, Ngo v. Woodford, supra, cert. granted, Woodford v. Ngo, 126 S.Ct. 647 (2005) is pending review before the United States Supreme Court. Finally, plaintiff cites no authority whatever for the proposition that the ruling of Ngo could be appropriately applied retroactively to closed cases.

Therefore, IT IS RECOMMENDED that plaintiff's motion for relief from judgment under Fed.R.Civ.P. 60(b), filed on November 2, 2005, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
3  shall be served and filed within ten days after service of the objections.  The parties are advised
4  that failure to file objections within the specified time may waive the right to appeal the District
5  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 3/24/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
cruz2322.fr.